IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br>v.<br>Jose L. Berríos-Aquino,<br><br>Defendant. | **Crim. No. 22-00473 (GMM)** |

### AMENDED OPINION AND ORDER

Before the Court is Defendant Jose L. Berríos-Aquino's ("Berríos") *Motion to Dismiss the Indictment* and *Motion to Dismiss the Superseding Indictment and Incorporating Previous Memorandum of Law*. (Docket Nos. 20 and 49). The motions are DENIED.

### I.   RELEVANT BACKGROUND

On March 22, 2022, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the agency charged with administering the National Firearms Act ("NFA") and the Gun Control Act ("GCA"), sent an Open Letter to All Federal Firearms Licensees ("Open Letter"). It stated that "devices commonly known as "forced reset triggers" (FRTs)… <u>some</u> of them are … "machineguns" as defined in the [NFA], and "machineguns" as defined in the [GCA]." (Docket No. 20 at 3, 10-11) (emphasis added).

On November 3, 2022, Defendant was indicted for "knowingly possess[ing] a machinegun, that is, one Sharp Brothers pistol, model Jack-9, bearing serial number J9-03214 ("SB pistol"), that

Criminal No. 22−00473 (GMM)                                                               1

had been modified so that it was capable of firing more than one shot, without manual reloading, by a single function trigger. All in violation of 18 U.S.C. §§ 922(o) and 924(a)(2)." (Docket No. 3). Following the Indictment, on November 3, 2022, Magistrate Judge Marshal D. Morgan ("Magistrate Judge Morgan") issued an arrest warrant for Berríos. (Docket No. 5). The following day, Berríos was arrested. (Id.). During the arrest, Berríos claims that the ATF searched his person, his vehicle, and containers therein and confiscated weapons, namely a Powered by Graves model Alamo-15 trigger, two Wide Open Enterprises AR15-type drop-in fire control group triggers, and a Rare Breed Triggers model FRT-15 trigger (collectively, the "Seized Triggers"). (Docket No. 49 at 4).

On November 15, 2022, Defendant filed a *Motion to Dismiss the Indictment*. (Docket No. 20). On December 8, 2022, a *Firearms Technology Criminal Branch Report of Technical Examination* (Report) at issue was completed. (Docket No. 27-1). The Report found that the SB Pistol named in Count One (1) of the Indictment "is a combination of parts, designed and intended for use in converting a weapon (ARtype) into a machinegun; therefore, it is a "machinegun" as defined in the GCA and NFA." (Docket No. 27-1 at 9). The Report also informed that all Seized Triggers had the capacity to shoot multiple rounds of ammunition following a single

Criminal No. 22—00473 (GMM)                                              2

trigger pull and thus, were machineguns under the GCA and NFA. (Id. at 15-21).

On April 20, 2023, a Grand Jury entered a Superseding Indictment against Berríos for two counts of possession of a machinegun in violation in 18 U.S.C. § 922(o). (Docket No. 42). As to Count One (1), the Superseding Indictment states that Berríos knowingly possessed the same SB pistol named in the first Indictment. (Id. at 1). As to Count Two (2), Berríos was indicted for the knowing possession of the Seized Triggers, "machinegun conversion devises, which are parts designed and intended solely for use in converting a weapon to shoot, automatically more than one shot without manual reloading, by a single function of the trigger." (Id. at 2).

On June 1, 2023, Berríos filed a *Motion to Dismiss the Superseding Indictment and Incorporating Previous Memorandum of Law* ("Motion to Dismiss the Superseding Indictment"). (Docket No. 49). Therein, Defendant incorporated his prior *Motion to Dismiss the Indictment* and reply to the Government's opposition to that first request. *See* Docket Nos. 20 and 38 respectively. On June 13, 2023, the Government filed the *United States' Response in Opposition to Defendant's Motion to Dismiss the Superseding Indictment* and incorporated by reference its response to Defendant's first *Motion to Dismiss the Indictment* at Docket No.

Criminal No. 22-00473 (GMM)

3

27. (Docket No. 50). On December 27, 2023, Count One (1) of the Indictment against Berríos was dismissed. (Docket No. 69).

## II. ANALYSIS

Pursuant to Federal Rule of Criminal Procedure 12(b)(1) a party may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Accordingly, the First Circuit has stated that a district court may consider a Defendant's pretrial motion to dismiss an indictment "where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts." United States v. Musso, 914 F.3d 26, 30 (1st Cir. 2019).

Berríos moves to dismiss the Superseding Indictment under the argument that the confiscated triggers at issue fall outside the scope of 18 U.S.C. § 922(o). The Court construes this argument as a motion to dismiss the indictment under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. Defendant also moves to dismiss the Superseding Indictment and to suppress evidence pursuant to the Second, Fourth, and Fifth Amendments of the United States Constitution. The Court will evaluate each of Defendant's arguments in turn.

Criminal No. 22-00473 (GMM)

A.   Sufficiency of the Superseding Indictment

Berríos contends that the Seized Triggers do not qualify as machineguns under the relevant statute given that "the trigger[s] must still be pulled by the user each time a round is fired" and that "[e]very individual bullet fired has one complete trigger motion." (Docket No. 20 at 5). Defendant emphasizes that pursuant to the NFA's statutory definition, machineguns are characterized by their ability to fire multiple rounds by a single function of the trigger. (Id.).

Moreover, in his reply to the Government's opposition to his motion to dismiss the first indictment, Defendant notes that the patent for the Rare Breed Triggers, LLC's Forced Reset Trigger, describes the trigger as "a device that increases the rate at which a firearm can be fired… [that] uses a mechanical rest in addition to the spring reset to reset the trigger forward, but still requires a second action from the shooter's finder to permit rapid fire." (Docket No. 38 at 6-7). Berríos argues that the Seized Triggers include those described in the Rare Breed Trigger patent as well as those that are close analogues to the described trigger. (Docket No. 38 at 6-8). Defendant then emphasizes that the applicable definition of machinegun pursuant to 26 U.S.C. § 5845(b) does not prohibit a person from increasing the rate of fire of a weapon and/or decreasing the pull weight of the trigger or

Criminal No. 22—00473 (GMM)

smoothing its pull. (Docket No. 38 at 9). As such, Defendant concludes that the Seized Triggers are plainly outside the scope of 18 U.S.C. § 922(o) and he should thus not be charged under the statute.

In its opposition, the Government argues that whether the Seized Triggers qualify as machineguns under 18 U.S.C. § 922(o) is a question of fact left to be resolved at trial. (Docket No. 27 at 4-5). The Court agrees.

Under the Federal Rules of Criminal Procedure, an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged…" Fed. R. Crim. P. 7(c)(1). "An indictment need not say much to satisfy these requirements—it need only outline 'the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense.'" United States v. Guerrier, 669 F.3d 1, 3 (1st Cir. 2011)). See also United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018); United States v. Cotto-Ortiz, No. CR 16-779 (ADC), 2018 WL 3756546, at *2 (D.P.R. Aug. 6, 2018).

"On a motion to dismiss an indictment, a court takes the facts alleged in the indictment as true, mindful that "the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment

Criminal No. 22—00473 (GMM)

are sufficient to apprise the defendant of the charged offense.″" United States v. Chalwell, No. CR 22-340 (FAB), 2023 WL 6346107, at *2 (D.P.R. Sept. 29, 2023)(*citing* United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)). *See also* United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015); Guerrier, 669 F.3d at 3-4; Stepanets, 879 F.3d at 372.

"[A] court must deny a motion to dismiss if the motion relies on disputed facts." Stepanets, 879 F.3d at 372. *See also* Guerrier, 669 F.3d at 4 (finding that reviewing courts "routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations."); Ngige, 780 F.3d at 502 (affirming a district court's denial of motion to dismiss the indictment where the defendant's argument "rested on factual disputes left to the factfinder.")

In the present matter, the Superseding Indictment sets forth the elements of the crime by stating that Berríos "did knowingly possess a machinegun, that is, one Powered by Graves Alamo-15 trigger, two Wide Open Enterprises triggers, and one Rare Breed FRT-15 trigger, machinegun conversion devices, which are parts designed and intended solely and exclusively for use in converting a weapon to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." (Docket No. 42 at 2). At this stage in the proceedings, the Government's allegations

in the Superseding Indictment are sufficient to meet the burden of giving Defendant notice of the offense for which he is being charged.

Moreover, as previously noted, a motion to dismiss an indictment is not a vehicle to resolve factual disputes. Thus, at this juncture, Berríos's arguments regarding whether the seized triggers qualify as machineguns under the law is not up for consideration. Specifically, disputes regarding whether a shooter must pull the Seized Triggers once for the discharge of each individual bullet, or whether multiple rounds can be released with one pull of the triggers, is a question of fact best left for a jury. As such, the Court will not presently address whether the Seized Triggers fall within the statutory definition of a "machinegun."

Defendant next contends that he was indicted based on the standard for "machinegun" established in the Open Letter sent by the ATF which characterized "some" "forced reset triggers" as machineguns under the NFA and the GCA. (Docket No. 20 at 3, 10-11). Currently, the Court has already declined to consider the disputed facts as to whether the Seized Triggers qualify as machineguns. Thus, it is unnecessary for the Court to consider whether the ATF's Open Letter affected the Agency's interpretation

Criminal No. 22—00473 (GMM)
                                                                8

and administration of the statute as applied to the Seized Triggers.

B.  Constitutional Challenges

A "defendant may seek the dismissal of an indictment on the grounds that the statute authorizing the charges is unconstitutional." United States v. De Los Santos-Santana, No. CR 23-311 (GMM), 2024 WL 98556, at *2 (D.P.R. Jan. 8, 2024). See also, United States v. Carter, 752 F.3d 8, 12 (1st Cir. 2014). Berríos raises Constitutional challenges to the Superseding Indictment by invoking the Fifth Amendment's void for vagueness doctrine, the Second Amendment, and Fourth Amendment. The Court addresses each of Defendant's arguments in turn.

1.  Void for Vagueness

Berríos, in his reply to the Government's opposition to his *Motion to Dismiss the Indictment*, challenges the language of 26 U.S.C. § 5845(b) as being unconstitutionally vague. (Docket No. 38 at 14-15). Defendant states that "[e]ven ignoring the ATF's Open Letter, the definition of a machinegun under 26 U.S.C.S. sect 5845(b) and equity would require the application of the Rule of Lenity, something that the Government does not Brief and therefore waives." (Id. at 17). In applying the rule of lenity to criminal cases, Berríos stresses that courts should apply the less harsh

Criminal No. 22—00473 (GMM)

alternative to criminal defendants like himself unless Congress has clearly indicated otherwise. (Id.)

The Court finds this argument to be unavailing. The void for vagueness doctrine arises under the Due Process Clause of the Fifth Amendment and protects against "a criminal law so vague as it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 576 U.S. 591, 591 (2015). *See also* Sessions v. Dimaya, 138 S. Ct. 1204, 1212, 200 L. Ed. 2d 549 (2018) (*quoting* Papachristou v. Jacksonville*,* 405 U.S. 156, 162 (1972))( "The void-for-vagueness doctrine, as we have called it, guarantees that ordinary people have "fair notice" of the conduct a statute proscribes."); Sessions v. Dimaya, 138 S. Ct. 1204, 1212, 200 L. Ed. 2d 549 (2018) (*citing* Kolender v. Lawson*,* 461 U.S. 352, 357-358(1983)("[T]he doctrine [also] guards against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges.").

As drafted, U.S.C. § 5845(b) sets forth clear standards for determining when a weapon satisfies the requirements to be classified as a "machinegun." The statute clearly defines a machinegun to be "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one

Criminal No. 22–00473 (GMM)

shot, without manual reloading, by a single function of the trigger….[and] any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun…" U.S.C. § 5845(b). The Court finds that the statutory standard that a weapon or a part that might convert a weapon into a firearm with the capacity to shoot more than one round without manual reloading is clear on its face. There is also no evidence that the statute was arbitrarily or discriminatorily applied to Berríos. Thus, The Court finds that U.S.C. § 5845(b) is not void-for-vagueness and thus does not merit a dismissal of the Superseding Indictment against Berríos.

    2.   Second Amendment

Defendant also argues that the Superseding Indictment should be dismissed because the charging statute facially violates the Second Amendment of the United States Constitution. Berríos avers that the NFA's current regulatory scheme requiring registration, special licensing, and a payment of a $200 fee per firearm or mechanism for most firearms "amounts to a destruction of the second amendment right to possess a machinegun" and is thus, facially unconstitutional. (Docket No. 20 at 9-10).

In contrast, the Government contends that Defendant's request constitutes an inaccurate representation of the law given that

Criminal No. 22—00473 (GMM)                                        11

"federal courts have held that [the second amendment] right does not extend to machineguns." (Docket No. 27 at 8).

The Second Amendment to the Constitution states "a well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II. However, in D.C. v. Heller, 554 U.S. 570, 627 (2008), the Supreme Court emphasized that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizen for lawful purposes...".[1] The High Court even suggested that machineguns were among those weapons not covered by the Second Amendment. Id. at 624-25. Critically, the Heller Court indicated that it would be startling to find that the Second Amendment protected all "weapons useful in warfare" "since it would mean that the National Firearms Act's restrictions on machineguns might be unconstitutional, machineguns being useful in warfare in 1939." Heller, 554 U.S. at 624.  This language suggests that the Supreme Court finds the NFA's regulation of machineguns to be Constitutional.

---

[1] The Court notes that the Supreme Court altered the Second Amendment analytical framework in the 2022 case New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). Nevertheless, nothing in Bruen evinces that the Supreme Court reversed its previous indications that the Second Amendment Protections do not extend to machineguns. *See also* United States v. Lane, No. 3:23CR62 (RCY), 2023 WL 5663084, at *14 (E.D. Va. Aug. 31, 2023)(stating that "922(o) withstands Bruen.").

Criminal No. 22—00473 (GMM)

Sister courts have consistently held that machineguns are not protected under the Second Amendment. *See e.g.* United States v. Simien, 655 F. Supp. 3d 540, 553 (W.D. Tex. 2023), reconsideration denied, No. SA-22-CR-00379-JKP, 2023 WL 3082358 (W.D. Tex. Apr. 25, 2023); United States v. Kittson, No. 3:21-CR-00075-IM, 2023 WL 5015812, at *1(D. Or. Aug. 7, 2023) ("This Court joins those decisions and finds that machineguns are not protected by the Second Amendment under Bruen."); United States v. Henry, 688 F.3d 637, 640 (9th Cir. 2012) (internal quotations omitted)( "In short, machine guns are highly dangerous and unusual weapons that are not typically possessed by law-abiding citizens for lawful purposes. Thus, we hold that the Second Amendment does not apply to machine guns."); United States v. Lane, No. 3:23CR62 (RCY), 2023 WL 5663084, at *14 (E.D. Va. Aug. 31, 2023)(" Dangerous and unusual weapons like machineguns do not fit within the plain meaning that the Supreme Court has ascribed to "Arms" covered by the Second Amendment."); United States v. Kazmende, No. 1:22-CR-236-SDG-CCB, 2023 WL 3872209, at *2 (N.D. Ga. May 17, 2023), report and recommendation adopted, No. 1:22-CR-00236-SDG, 2023 WL 3867792 (N.D. Ga. June 7, 2023)("Because machineguns are dangerous and unusual weapons that are outside the protection of the Second Amendment, Section 922(o) is not unconstitutional."). The Court concurs with the significant persuasive authority of Supreme Court

Criminal No. 22—00473 (GMM)                                            13

dicta and the decisions issued by its sister courts. Thus, the Court declines to dismiss the Superseding Indictment on Second Amendment grounds.

3. <u>Fourth Amendment Motion to Suppress</u>

Finally, Defendant moves to suppress the Seized Triggers that provide the basis for Count Two (2) of the Superseding Indictment, which were obtained through an alleged unreasonable search of his person and vehicle in violation of the Fourth Amendment of the Constitution. Berríos argues that but for the first Indictment and subsequent arrest, his person and vehicle would not have been searched and his reasonable expectation of privacy would not have been intruded upon. (Docket Nos. 38 at 21-22, 49 at 4). Furthermore, Defendant contends that because the search of his person and car was unconstitutional, the Seized Triggers ware fruits of the poisonous tree that should be excluded from evidence. <u>Id.</u> In short, Defendant claims that pursuant to an unlawful indictment, he was stopped by officers of the state, without breaking any traffic laws, and subject to a search of his vehicle, and containers therein, where the Seized Triggers were found and confiscated. Berríos thus concludes that "[a]s the [first] indictment is challenged the resulting seizure of effects should be deemed fruit of the poisonous tree." (Docket No. 38 at 21-22).

Criminal No. 22—00473 (GMM)

The Government disagrees finding that the search of Defendant's person and vehicle and the subsequent confiscation of the Seized Triggers at issue in Count Two (2) of the Superseding Indictment was lawfully conducted in accordance with a federal search and seizure warrant issued by Magistrate Judge Morgan. (Docket No. 50 at 3). Specifically, the Government states that "[o]n November 3, 2022, [Magistrate Judge Morgan] signed a federal search warrant (22-1339 (M)) permitting ATF agents to search Defendant's vehicle and seize any conversion devices related to violations of 18 U.S.C. § 922(o)." Id. The Government thus concludes that Defendant's Fourth Amendment claims are meritless given that the challenged search "was a lawful search executed pursuant to a federal search warrant." Id.

The Fourth Amendment states that "the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. Amend. IV. Generally, property may be seized by a law enforcement officer pursuant to a warrant that is based on probable cause and describes the place to be searched and the property to be seized. *See* Horton v. California*,* 496 U.S. 128, 133 (1990). However, in this case the government never filed a copy of the referenced search warrant with the Court. Nevertheless, the Court finds that even, arguendo, if officers searched Berríos's vehicle

without a valid search warrant, the search and confiscation of the Seized Triggers would not have violated Defendant's Fourth Amendment Rights.

"It is also well established that the defendant's lawful arrest permits the police to search his person ..." United States v. Fiasconaro, 315 F.3d 28, 37 (1st Cir.2002). See also New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); United States v. Cardona-Vicente, No. CRIM. 13-308 JAG, 2014 WL 794591, at *6 (D.P.R. Feb. 26, 2014), aff'd, 817 F.3d 823 (1st Cir. 2016). The Supreme Court has clarified that officers may constitutionally search items found in a vehicle incident to an arrest, "(1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains evidence to the crime of arrest." Davis v. United States, 564 U.S. 229, 235 (2011) (internal quotation marks omitted) (citing Arizona v. Gant, 556 U.S. 332, 344(2009)). For instance, in Thornton v. United States, 541 U.S. 615 (2004), the Court denied a defendant's motion to suppress the firearm as the fruit of an allegedly unconstitutional automobile search conducted following a traffic stop.

"A search of a vehicle does not violate the Fourth Amendment's protections against unreasonable search and seizure "if based on facts that would justify the issuance of a warrant, even though a

Criminal No. 22-00473 (GMM)
16

warrant has not actually been obtained."" United States v. Azor, 881 F.3d 1, 8 (1st Cir. 2017) (*quoting* United States v. Ross, 456 U.S. 798, 809 (1982)). Officers have probable cause to conduct a search "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

Defendant's original Indictment stated that Berríos "did knowingly possess a machinegun, that is, one Sharp Brothers pistol, model Jack-9, bearing serial number J9-03124, that had been modified so that it was capable of firing more than one shot, without manual reloading, by a single function trigger." (Docket No. 3 at 1). In accord with the Federal Rules of Criminal Procedure Rule 12(b)(3)(B), the Court finds that the Indictment was sufficient and not, as Defendant claims, unlawful.

The November 3, 2022, arrest warrant issued by Magistrate Judge Morgan (22-473(DRD)) was based upon the Indictment. Plainly, "[a] warrant of arrest can be based upon an indictment because the grand jury's determination that probable cause existed for the indictment also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged." Giordenello v. United States, 357 U.S. 480, 487, (1958). Consequently, the Court finds that even if the federal search

Criminal No. 22—00473 (GMM)

warrant (22-1339 (M)) was never issued, the Grand Jury Indictment and the derivative arrest warrant provided officers with adequate probable cause that would have justified the search of Berríos's vehicle. As such, the Court declines to suppress the Seized Triggers and will not dismiss the Superseding Indictment for possession of the Seized Triggers.

### III. CONCLUSION

For the reasons stated herein, Berríos's *Motion to Dismiss the Indictment* and *Motion to Dismiss the Superseding Indictment* are DENIED. (Docket Nos. 20 and 49).

IT IS SO ORDERED.

San Juan, Puerto Rico, April 4, 2024.

s/ Gina R. Mendez Miro
GINA R. MENDEZ-MIRO
UNITED STATES DISTRICT JUDGE