IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jose L. Berríos-Aquino,<br><br>Defendant. | **Crim. No. 22-00473 (GMM)** |

### MEMORANDUM AND ORDER

Before the Court is Defendant Jose L. Berríos-Aquino's ("Berríos" or "Defendant") *Motion to Dismiss* ("Third Motion to Dismiss"). (Docket No. 92). This is Berríos' *third* motion to dismiss. *See* (Docket No. 20; 49). For the following reasons, Berríos' Motion is **DENIED**.

### I.  THE RELEVANT BACKGROUND OF THE THIRD MOTION TO DISMISS

On November 3, 2022, Defendant was indicted for "knowingly possess[ing] a machinegun, that is, one Sharp Brothers pistol, model Jack-9, bearing serial number J9-03124 [("SB pistol")], that had been modified so that it was capable of firing more than one shot, without manual reloading, by a single function trigger. All in violation of 18 U.S.C. §§ 922(o) and 924(a)(2)." (Docket No. 3). Following the Indictment, on November 3, 2022, Magistrate Judge Marshal D. Morgan ("Magistrate Judge Morgan") issued an arrest

warrant for Berríos. *See* (Docket No. 5). The following day, Berríos was arrested.

On November 15, 2022, Defendant filed a *Motion to Dismiss the Indictment* ("First Motion to Dismiss"). (Docket No. 20). While Defendant's motion to dismiss was pending, a Grand Jury entered a Superseding Indictment against Berríos. *See* (Docket No. 42). The Superseding Indictment charges Berríos with two counts of possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). *See* (id.). As to Count One (1), the Superseding Indictment states that Berríos knowingly possessed the same SB pistol named in the first Indictment. *See* (id. at 1). As to Count Two (2), Berríos was indicted for the knowing possession of "one Powered by Graves Alamo-15 trigger, two Wide Open Enterprises triggers, and one Rare Breed FRT-15 trigger, machinegun conversion devices, which are parts designed and intended solely and exclusively for use in converting a weapon to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." (Id. at 2).

On June 1, 2023, Berríos filed a *Motion to Dismiss the Superseding Indictment and Incorporating Previous Memorandum of Law* ("Second Motion to Dismiss"). *See* (Docket No. 49). Therein, Defendant incorporated his prior First Motion to Dismiss and reply to the United States of America's ("Government") opposition to

**Criminal No. 22—00473 (GMM)**
**Page -3-**

that first request. *See* (Docket Nos. 20; 38). Among other things, Defendant argued that: (1) the National Firearms Act ("NFA"), and its regulatory scheme, is unconstitutional since it infringes on Defendant's Second Amendment right; (2) the language of 26 U.S.C. § 5845(b) is unconstitutionally vague; (3) the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the agency charged with administering the NFA issued an Open Letter on March 22, 2022 which is vague, and did not put Berríos on notice that his possession of the relevant firearms was illegal; and (4) the ATF's Open Letter violates the established process for the creation of administrative rules. *See* (Docket Nos. 20; 38; 49).

On June 13, 2023, the Government filed the *United States' Response in Opposition to Defendant's Motion to Dismiss the Superseding Indictment*, and incorporated by reference its response to Berríos' First Motion to Dismiss at Docket No. 27. *See* (Docket No. 50).

After being fully briefed, the Court denied the Second Motion to Dismiss. *See* (Docket Nos. 80; 82). In its ruling, the Court decided, among other things, that: (1) "[a]s drafted, 26 U.S.C. § 5845(b) sets forth clear standards for determining when a weapon satisfies the requirements to be classified as a 'machinegun.'" Therefore, the statue is clear on its face; and (2) at this stage in the proceedings, the Government's allegations in the

**Criminal No. 22—00473 (GMM)**
**Page -4-**

Superseding Indictment are sufficient, and a motion to dismiss an indictment is not a vehicle to resolve factual disputes.

Notwithstanding the Court's ruling, Berríos filed a Third Motion to Dismiss. *See* (Docket No. 92). Once again, Berríos requests the dismissal of the Superseding Indictment by questioning the statutory definition of a machinegun under 18 U.S.C. § 922(o) as vague, and reiterating the factual dispute as to the devices seized which gave rise to the charged offenses. In his discussion, Berríos referenced Garland v. Cargill, 602 U.S. 406 (2024) and Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), while questioning an ATF "memorandum" on machineguns and "Forced Reset Triggers" (FRTs).

The Government opposed the Third Motion to Dismiss. *See* (Docket No. 96). In sum, the Government underscored that the Court in its *Opinion and Order* denying the Second Motion to Dismiss, held that a "motion to dismiss an indictment is not a vehicle to resolve factual disputes." (Docket Nos. 80 at 7; 82 at 8). This is to say, the Superseding Indictment was found to be sufficient and that taking the facts alleged in the Superseding Indictment as true, Berríos possessed a machinegun. Furthermore, the Government argued that Garland and Loper Bright Enterprises are not at issue since the ATF did not rely on a "memorandum" to initiate criminal proceedings against Berríos. As stated by the Government,

**Criminal No. 22—00473 (GMM)**
**Page -5-**

"Defendant is facing criminal proceedings because he was charged with possession of a machinegun in violation of 18 U.S.C. § 922(o). As in other cases, the superseding indictment in Defendant's case resulted from the Government's review and application of the statutory definition of a "machinegun." *See* (Docket No. 96 at 7).

## II.  ANALYSIS

Although Berríos does not premise his Third Motion to Dismiss on any particular rule, pursuant to Federal Rule of Criminal Procedure 12(b)(1) a defendant may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Here, Berríos moves to dismiss the Superseding Indictment, framing his argument as a vagueness challenge when, in reality, it raises a factual question.

Where, as here, a defendant "seeks dismissal of an indictment, courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, *but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense*.'" United States v. Martínez-Mercado, 145 F.Supp.3d 150, 151 (D.P.R. 2015) (*quoting* United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015)) (emphasis added); *see also* United States v. Savarese, 686 F.3d 1, 7 (1st

**Criminal No. 22—00473 (GMM)**
**Page -6-**

Cir. 2012). In our quest to answer the question, "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations. . ." United States v. Guerrier, 669 F.3d 1, 3 (1st Cir. 2011). This is true even when a defendant's challenge is based on the adequacy of the evidence. *See* id.

After a thorough examination of Berríos' Third Motion to Dismiss, it is evident that Berríos does not challenge the sufficiency of the Superseding Indictment. Instead, he seeks to challenge the sufficiency of the evidence, arguing factually whether the device at issue constitutes a machinegun. While Berríos goes into a detailed account of how exactly the device triggers allegedly work— and even concedes that its mechanism has "confused" some— the Government's response to Berríos' Third Motion to Dismiss neither stipulates nor rejects his account of the mechanics of how the triggers function. In reality, how exactly those triggers work is precisely a question of fact not suitable for resolution on a motion to dismiss the indictment. Hence, the specific mechanisms of the firearms will be facts to be introduced at trial.[1]

---

[1] The Court notes that Berríos references the Supreme Court's rulings in Loper Bright Enterprises and Garland to highlight his arguments. However, it is unnecessary to distinguish or address them at this time, since the Third Motion to Dismiss relies on facts that have not been stipulated by the Government.

**Criminal No. 22—00473 (GMM)**
**Page -7-**

To be sure, there is over 50 years of interpretative case law that discourages this Court from entertaining Berríos' motion. *See* Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury. . .if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more."). However, many Circuits, including our own, have recognized a *narrow* exception. That is, "a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts." United States v. Musso, 914 F.3d 26, 29-30 (1st Cir. 2019); *see also* United States v. Alfonso, 772, 776-77 (2d Cir. 1998) (holding that unless prosecutors have "made what can fairly be described as a full proffer of the evidence [they] intend[] to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment."); United States v. DeLaurentis, 230 F.3d 659, 660-61 (3d Cir. 2000) ("Unless there is a stipulated record. . .a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence."); United States v. Weaver, 659 F.3d 353, 355 (4th Cir. 2011) ("[A] district court may consider a pretrial

motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts.").

Regardless, the Court stresses that the Government disputes the ability of the Court to entertain the Third Motion to Dismiss and has not proffered or stipulated the pertinent facts. Therefore, the Court will not thread the needle *at this juncture*. *See* Musso, 914 F.3d at 29-30; *see also* United States v. Martínez-Mercado, 145 F.Supp.3d 150, 152 (D.P.R. 2015) (refusing to entertain a motion to dismiss since the parties had not stipulated to a fact proffer and the government objected to the procedure). At trial, Berríos will have the opportunity to challenge the evidence and the Government's case in a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

In addition, the Court notes that Berríos, once again, argues that 18 U.S.C. § 922(o) is overly broad and vague. To this extent, Berríos raises similar arguments as his prior motions to dismiss, which the Court already addressed and denied. Therefore, the Court declines the invitation to revive those matters and reiterates the ruling set forth in the *Amended Opinion and Order* at Docket No. 82.

### III. CONCLUSION

For the reasons stated herein, Berríos' Third Motion to Dismiss (Docket No. 92) is **DENIED**. A reiterated motion to dismiss an indictment is not a vehicle to resolve factual disputes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, February 10, 2025.

s/ Gina R. Mendez Miro
GINA R. MENDEZ-MIRO
UNITED STATES DISTRICT JUDGE
